IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CASEY GLYNN DOBBS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-169-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT PETITIONER'S MOTION TO DISMISS AND TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* [ECF 3] and the subsequent motion to dismiss said petition [ECF 17] filed by petitioner CASEY LYNN DOBBS. For the following reasons, petitioner's motion should be GRANTED, and his habeas application DISMISSED without prejudice.

On July 30, 2019, petitioner filed the instant federal application for habeas corpus relief challenging the constitutional legality or validity of his May 7, 2018 state court convictions for possession of a controlled substance and possession of metal or body armor by a felon, and the resultant 8-year concurrent sentences, out of the 222nd Judicial District Court of Oldham County, Texas.[1] *State v. Dobbs*, No. OCR-18D-033-A, OCR-18D-035-A. [ECF 3]. Petitioner's case has been proceeding in due course.

On October 11, 2019, petitioner submitted correspondence to this Court wherein he states, "I

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system).

would like dismissal of Cause Dobbs v Davis 2-19-CV-169-Z," and proceeds to set forth his reasons for requesting dismissal. Petitioner concludes his correspondence with the request to "please dismiss this cause and action without prejudice to re-file . . . even though my case has merit." Such correspondence was filed and docketed as a *Letter Motion to Dismiss*. [ECF 17].

Petitioner's motion, which is signed and dated, is well taken. The undersigned finds petitioner's motion should be granted, and his federal habeas application dismissed accordingly. Petitioner is warned, however, that a dismissal without prejudice does not guarantee that a future petition for federal habeas corpus relief will be determined on the merits.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Letter Motion to Dismiss* filed by petitioner Casey Glynn Dobbs be GRANTED, and the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of these *Findings, Conclusions and Recommendation* to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 15, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).